IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

ADRIANNE D. HAILEY, as Administrator of
the Estate Christopher Charles Sullivan and
Mother and Next Friend of E.S., a minor, and
R.S., a minor, the legal beneficiaries of
CHRISTOPHER SULLIVAN, Deceased,

      Plaintiff,

v.                                                                          Case No. 3:15-cv-00280
                                                                            JURY DEMANDED
ANDERSON COUNTY, TENNESSEE;
ADVANCED CORRECTIONAL HEALTHCARE, INC.;
BILLY JOE BROCKMAN, Individually and as an Employee
or Agent of Anderson County, TN and/or
Advanced Correctional Healthcare, Inc.;
JEREMIAH J. WOOD, Individually and as an Employee
or Agent of Anderson County, TN;
JOHN DOES, I-X, Individually and as Employees
or Agents of Anderson County, TN and/or
Advanced Correctional Healthcare, Inc.;

      Defendants.

<u>COMPLAINT</u>

COMES NOW ADRIANNE D. HAILEY, as Administrator of the Estate Christopher

Charles Sullivan and Mother and Next Friend of E.S., a minor, and R.S., a minor, the legal

beneficiaries of   CHRISTOPHER SULLIVAN, deceased, and files this Complaint against

Defendants Anderson County, Tennessee, Advanced Correctional Healthcare, Inc. (hereinafter

"Advanced"), Billy Joe Brockman and Jeremiah J. Wood, both jointly and severally, and respectfully

states as follows:

**I.  PRELIMINARY STATEMENT**

1.     This is a civil rights and wrongful death action for the failure of Anderson County,

Advanced, Billy Joe Brockman, Jeremiah Woods and other unknown employees and/or agents of

Anderson County and Advance for improperly booking Mr. Sullivan into the Anderson County Jail

1

when he was suffering from an obvious medical emergency and then failing to properly with proper correctional standards with respect to monitoring and intervening with Mr. Sullivan's obvious and deteriorating condition. In particular, Mr. Sullivan was booked into the Anderson County Jail when it was clear that he was obviously suffering the extreme effects from alcohol and/or drugs and the Defendants failed to follow proper protocols as his condition deteriorated from being intoxicated to being unconscious. Defendants failed to provide proper monitoring of Mr. Sullivan's worsening condition per protocol and let his condition deteriorated until he was found dead in his cell.

2.      Although the cause of Mr. Sullivan's death was listed by the Anderson County Chief Deputy Medical Examiner as combined alcohol and morphine intoxication, Mr. Sullivan died because Anderson County Advanced, Billy Joe Brockman, Jeremiah Woods and other unknown employees and/or agents of Anderson County and Advanced were deliberately indifferent to his obvious and serious medical needs. Had Defendants refused to book Mr. Sullivan due to his obvious and severe altered mental state and impairment and transported him to a medical facility, Mr. Sullivan would have survived. Further, had Defendants properly monitored, treated and/or transported Mr. Sullivan to a medical facility in a timely manner as his condition obviously deteriorated, Mr. Sullivan would have survived. After investigations of this incident by District Attorney General's Office, Defendant Brockman was indicted by the Anderson County Grand Jury for filing a False Report with respect to his role in the death of Mr. Sullivan. The Indictment noted that Defendant Brockman had unlawfully reported that he had measured and recorded the vital signs of Mr. Sullivan while knowing that he had, in fact, not measured or recorded this information.

3.      Anderson County and Advanced are sued for allowing a custom or practice of deliberate indifference to the serious medical needs of intoxicated persons to exist at the Anderson County Jail. Numerous employees or Anderson County and/or Advanced, including supervisory persons, were present during the booking and incarceration of Mr. Sullivan but improperly booked

2

Mr. Sullivan and failed to properly monitor his deteriorating condition from 12:48 pm to 3:32 pm when Mr. Sullivan was found unresponsive and allowed him to remain in a cell unconscious for an extended period. Upon information and belief, no employees of Anderson County were disciplined for their role in the events and, therefore, their conduct was found to be in compliance with the policies, practices and custom of Anderson County and ratified in all respects.

4.    Plaintiff's claims under 42 U.S.C. § 1983 and state law arise out of Defendants' improper booking and failing to provide proper monitoring, treatment and transportation of Mr. Sullivan who was suffering from the serious and obvious effects of alcohol and/or drug intoxication which led Mr. Sullivan's death and deprived Mr. Sullivan of his clearly established rights guaranteed to him under the Constitutional and the laws of the United States and the State of Tennessee. Defendants violated the rights of Mr. Sullivan under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and the Constitution and laws of Tennessee when they knowingly and with deliberate indifference to his constitutional rights booked him into jail while he was suffering from the serious and obvious effect of alcohol and drugs and failed to provide proper monitoring, treatment and transportation of Mr. Sullivan for his serious and deteriorating medical conditions causing extensive physical and emotional pain and suffering and, ultimately his death. All Defendants acted under color of state law and proximately caused the deprivation of Mr. Sullivan's federally protected and state law rights.

## II.  PARTIES, JURISDICTION AND VENUE

5.    The Plaintiff Adrianne D. Hailey was duly appointed the Administrator of the Estate of Charles Christopher Sullivan by the General Sessions Court, Probate Division of Blount County, Tennessee on January 4, 2016, Docket # P-01750. Plaintiff Adrianne D. Hailey is also the mother and next friend of Mr. Sullivan's children, E.S., a minor, and R.S., a minor, who are the sole legal beneficiaries of Christopher Sullivan. Ms. Hailey, E.S. and R.S are all residents of Blount County,

Tennessee. Christopher Sullivan died on July 4, 2014 in the Anderson County Detention Center ("Jail") as a result of improper conduct by Defendants and other unknown employees and agents of Anderson County and Advanced and Ms. Hailey seeks to recover all damages allowable under the law on behalf of the Estate of Christopher Sullivan and his legal beneficiaries from the Defendants, both jointly and severally.

6. Defendant Advanced Correctional Healthcare, Inc. (hereinafter "Advanced") is an Illinois corporation licensed to do business and doing business in Anderson County, Tennessee whose principal office is located at 3922 Barring Trace, Peoria, Illinois 61615 and whose registered agent for service of process is C T Corporation Systems, 800 Gay Street, Suite 2021, Knoxville, Tennessee 37929. As part of Advanced's business, Advanced provides contract services to correctional facilities under contract with various governmental entities. At all times relevant to this action, Advanced conducted business within Anderson County, Tennessee when operating the Anderson County Jail. Advanced provided services within the Anderson County Jail with the full authority of the government of the State of Tennessee pursuant to <u>Tennessee Code Annotated</u>. §41-24-101, *et seq.* and/or <u>Tennessee Code Annotated</u>. §41-8-101, *et seq.*, and therefore acts under color of state law. Advanced is the entity charged by the laws of the State of Tennessee and by contract with Anderson County to provide services at the Anderson County Jail within the confines of the law and contract with Anderson County and has a non-delegable duty to ensure that the conditions of confinement and health and safety of persons incarcerated at the Anderson County Jail, including Mr. Sullivan, are protected and in compliance with the Constitutions and laws of the United States and the State of Tennessee. Defendant Advanced is responsible for the implementation of policies, procedures, practices and customs, as well as the acts and omissions, challenged by this suit that are required to be performed by law and contract. Defendant Advanced is also responsible for ensuring

4

that the Anderson County Jail is in compliance with the Constitutions and laws of the United States and the State of Tennessee with respect to the matters entrusted to it by law and contract.

7.     At all pertinent times mentioned herein, Advanced was a state actor in the state of Tennessee and performing the state governmental function of operating a prison in the State of Tennessee, and had a non-delegable duty to ensure the proper and safe operation of Anderson County Jail entrusted to it by law and contract. To perform its services at the Anderson County Jail, Advanced utilizes employees, agents or contractors, including Defendant Brockman, who perform services, including professional medical services, under color of state law and within the course and scope of their employment, agency, apparent authority or contract with Anderson County. Advanced is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of Advanced and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, vicarious liability, contract and as a result of Advanced's non-delegable duty to ensure the health and safety of the persons held in custody at Anderson County Jail.

8.     Defendant Anderson County, Tennessee is the governmental entity that was ultimately responsible for the care, custody, health and well-being of Mr. Sullivan when he presented to the jail and was held in custody. Anderson County is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors, including Defendants Wood, Brockman and John Does I-X, by virtue of the fact that they acted in conformity with the policies, practices and customs of Anderson County and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior and vicarious liability. Further, Anderson County, Tennessee, which contracts with Advanced to provide essential services at the Anderson County Jail, had non-delegable constitutional duties to

5

ensure that Mr. Sullivan was properly booked, monitored and treated and that its designated contractor, Advanced and its agents, employees and subcontractors, provided constitutionally adequate contracted services to Mr. Sullivan.

9.      Defendant Billy Joe Brockman was at all times relevant to this complaint an agent or employee of Advanced and/or Anderson County who worked in the Anderson County Jail.  At all times material hereto, Billy Joe Brockman acted under color of state law and in the course and scope of his employment or agency with Advanced and/or Anderson County.

10.      Defendant Jeremiah Wood was at all times relevant to this complaint an agent or employee of Advanced and/or Anderson County who worked in the Anderson County Jail.  At all times material hereto, Jeremiah Wood acted under color of state law and in the course and scope of his employment or agency with Advanced and/or Anderson.

11.      Defendant John Does I-X were at all times relevant to this complaint agents or employees of Advanced and/or Anderson County who worked in the Anderson County Jail whose names are presently unknown.  At all times material hereto, John Does I-X acted under color of state law and in the course and scope of his employment or agency with Advanced and/or Anderson County.

12.      Mr. Sullivan was a pre-trial detainee in the custody of the Defendants at the Anderson County Jail which is in Anderson County, Tennessee at all times relevant to the events giving rise to this cause of action.  At all times material hereto, the Defendants were acting under color of law.  The incident which gives rise to this cause of action occurred within this jurisdiction and within one year of the filing of the original Complaint and this Court accordingly has jurisdiction.

13.      Venue is proper pursuant to 28 U.S.C. § 1391, as all Defendants conduct business in this district and/or all the acts or omissions which give rise to this cause of action occurred within

6

this district. Jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. Section 1331, 28 U.S.C. § 1343(a)(3)(4) and 42 U.S.C. § 1983 & 1988. Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367.

### III. FACTS

14. On July 4, 2014, Sullivan was arrested by an officer of the Oak Ridge Police Department for public intoxication. The Officer searched Sullivan and discovered seven pills in his pocket. Four were identified as Dilaudid (Hydrophomorphne) and three were identified as Morphine sulfate. He was transported to the Jail.

15. The arresting officer reported that Sullivan was "highly intoxicated and could not stand up." He also reported that Sullivan was a danger to himself.

16. When Sullivan was processed at the jail, it was apparent to any reasonable person that he was suffering from the serious effects of alcohol and/or drugs and was in need of medical evaluation and/or treatment and should not have been accepted to the jail. The failure to properly evaluate and appreciate Mr. Sullivan's serious condition deprived him of the opportunity to receive timely and life-saving medical treatment from a medical facility and ultimately led to his death.

17. Despite wrongfully accepting Mr. Sullivan to jail, the Defendants understood the seriousness of his condition due to his altered mental state and alcohol/drug intoxication from ordinary observations and his ability to properly communicate and/or ambulate properly. As a result of these observations, Mr. Sullivan was placed on a 15 minute observation protocol for high-risk detainees. Following his processing, he was put, by himself, in an observation cell at approximately 12:48 PM. However, the Defendants failed to follow accepted medical protocols and properly monitor and observe Mr. Sullivan which led to his death and the failure of Defendants to even notice his death until a significant time after he expired.

7

18.     Brockman is a licensed practical nurse and was, at the time, an employee of Advanced.  By contract with Anderson County, Advanced provides medical services for the Jail.  Advanced placed Brockman at the Jail.  Prior to the incident which is the subject matter of this Complaint, Advanced had knowledge that Defendant Brockman was failing to perform his duties as a LPN which exposed all inmates at the Anderson County jail to the risk of being deprived their constitutional right to proper medical care.  In particular, during a peer review in September of 2012, Advanced reviewed 10 of Defendant Brockman's notes and noted serious problems and serious issues.  After review of only 10 notes, the peer reviewer noted the following serious problems and issues with respect to Defendant Brockman conduct:

- Incomplete Assessments or no assessment.
- Charged for service not given.
- Sick call requests being charged but not an official SC form was used.
- A review of your documentation revealed areas of concern R/T your incomplete notes.
- History (14 day) and physicals were missing vitals, allergies and your signature to name a few specifics.
- Peer reviewer sat down with Brockman and reviewed the Nursing Training Manual.
- After identifying these serious issues and problems, the Peer Reviewer noted that Brockman had been asked to audit 10 charts per weeks using a worksheet and fax it to her office for review.  "I believe his will help him understand the importance of documentation to reduce our legal liability or inability to prove care was received by an inmate."

19.     Despite these serious issues and problems with Defendant Brockman, Advanced did not otherwise discipline or terminate Defendant Brockman.  However, this previous and known serious misconduct by Defendant Brockman made his actions in this case (failing to assess and document Mr. Sullivan's altered mental state and alcohol/drug intoxication) foreseeable and highly predictable.

20.     Despite being required to make a meaningful observation of Sullivan every 15 minutes, Brockman only entered Sullivan's cell one time, at 1:04 PM.  He removed a bracelet from Sullivan's arm.  He made no examination of Sullivan and did not enter Sullivan's cell again.

8

21. Brockman was required, as part of his duties, to produce a record of his observation and treatment of Sullivan. Following Sullivan's death, Brockman prepared a document or log indicating that he had made the required observations of Sullivan every 15 minutes and had taken Sullivan's vital signs. He only observed Sullivan one time between Sullivan's placement in the cell at 12:48 PM and the discovery of his death at 3:47 PM. The document Brockman prepared was predictably false.

22. As a result of the preparation of the false treatment document, Brockman was criminally charged in Anderson County.

23. As a result of his actions or inactions, Brockman was subjected to a disciplinary hearing before the Tennessee Board of Nursing. It resulted in a Consent Order finding Brockman violated his duties as established by law. He was found guilty of violating <u>Tennessee Code Annotated</u> § 63-7-101 and violating Tennessee Regulations, including but not limited to, <u>Tennessee Regulation</u> 1000-02-.13(1). Brockman was reprimanded by the Tennessee Board of Nursing for his actions relative to Sullivan.

24. Wood, an employee of Anderson County, was required as part of his duties to observe Sullivan every 15 minutes. Woods was also required to produce a document or log of his observations.

25. Wood created a log indicating that he observed Sullivan at 12:55 PM, 1:03 PM, 1:20 PM, 1:32 PM, 1:45 PM, 1:59 PM, 2:13 PM, 2:25 PM, 2:39 PM and 2:50 PM. This document is false. Between 1:45 PM and 3:27 PM, Wood made one observation, a momentary glance in the window of the cell, at 2:41 PM. Otherwise, and despite what his document shows, he made no observations of Sullivan. A copy of Wood's document was attached as Exhibit 1 to the original Complaint. (DE 1-1).

9

26. At approximately 3:27 PM, another officer looked into Sullivan's cell and alerted other officers to Sullivan's condition. EMT's were quickly dispatched. When they arrived a few minutes later, Sullivan was already dead. They recorded observations that indicated that that Sullivan had been dead for a considerable period of time by the time they arrived.

27. The failure of Defendants to properly access Mr. Sullivan's condition before accepting him to the jail and failure to monitor him while in jail as required by policy and correctional standards illustrates that the Defendants all displayed deliberate indifference to the obvious, serious and deteriorating medical condition of Mr. Sullivan which resulted in Mr. Sullivan expiring while in a jail cell under monitoring orders and not being discovered until a substantial period of time after his death.

28. Anderson County, Advanced, Brockman, Wood and others had a constitutional duty to properly access Mr. Sullivan condition before booking and to monitor and care for Sullivan while a detainee in the jail. Had they monitored Sullivan as required by the rules applicable to the Jail, as well as those duties imposed by law generally, Sullivan could have been saved as there are well known treatments available to reverse the state of intoxication Sullivan was in. Anderson County, Advanced, Brockman, Wood and others were deliberately indifferent to Mr. Sullivan's serious medical condition their conduct, individually and collectively, was the proximate cause of Sullivan's death.

29. Although working in the Jail, Brockman was an employee of Advanced. At the time of his actions or inactions relative to Sullivan, Brockman was acting within the scope of his employment. Advanced was responsible for hiring, training and supervising Brockman. Advanced was negligent in hiring, training and supervising Brockman and its negligence was the proximate cause of Sullivan's death.

30.    Anderson County, Tennessee, which contracts with Advanced to provide essential services at the Anderson County Jail, had non-delegable constitutional duties to ensure that Mr. Sullivan was properly booked, monitored and treated and that its designated contractor, Advanced and its agents, employees and subcontractors, provide constitutionally adequate contracted services to Mr. Sullivan. Therefore, Anderson County is liable for an acts and omissions of contractors at the jail, including Brockman.

31.    Defendants Anderson County and Advanced are liable for the actions of its employees, agents and contractors because they acted pursuant to the policies, practices and customs of Anderson County and/or Advanced.

32.    As a result of the aforementioned acts and omissions, Mr. Sullivan's civil rights were violated and he suffered severe and significant physical and emotional injuries which led to his death for which the Defendants are jointly and severally liable.

## COUNT I
## FEDERAL CONSTITUTIONAL CLAIMS

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

33.    At all times relevant herein, Defendants and their employees, agents and contractors were performing a traditional governmental function in operating a correctional facility and were state actors. All the actions and omissions alleged herein were performed under color of state law.

34.    At all times relevant to the events giving rise to this cause of action, Mr. Sullivan was a pre-trial detainee at the Anderson County Jail. Defendant Anderson County and Advanced, by and though its employees and agents, were responsible for Mr. Sullivan's well-being. As Mr. Sullivan was in the custody and control of Defendants and their agents and employees, Mr. Sullivan did not have the ability to obtain medical treatment on his own or provide for his own well-being. Stripped of this power by custody, Defendants were under a constitutional duty to provide Mr. Sullivan with

11

the basic necessities of life which include, but are not limited to, food, shelter, observation and proper medical care.

35.     Defendants' acts and omissions as alleged more specifically herein breached this constitutional duty and violated Mr. Sullivan's clearly established rights under the Fourth, Eighth and/or Fourteenth Amendment to the United States Constitution, as the Defendants were deliberately, consciously and intentionally indifferent to Mr. Sullivan's obvious, serious medical needs.

36.     The Defendants' actions and omissions alleged herein were consciously, deliberately and intentionally indifferent to the serious needs of Mr. Sullivan and the failure to monitor Mr. Sullivan during his incarceration while under an observation order was conscious, shocking behavior which is evidenced by the falsification of observation logs by Defendants Brockman and Woods. Defendants' joint acts and omissions were a direct and proximate cause of the death and suffering of Mr. Sullivan.

37.     Anderson County improperly booked Mr. Sullivan into the Anderson County jail when he was suffering from an obvious medical emergency and then failed to properly comply with proper correctional standards with respect to monitoring and intervening with respect to Mr. Sullivan's obvious and deteriorating condition.  In particular, Mr. Sullivan was booked into the Anderson County Jail when it was clear that he was obviously suffered extreme effects from alcohol and/or drugs and the Defendants failed to follow proper protocols as his condition deteriorated from being intoxicated to being unconscious.  Defendants failed to provide proper monitoring of Mr. Sullivan's worsening condition per protocol and let his condition deteriorate until he was found dead in his cell.

38.     Although the cause of Mr. Sullivan's death was listed by the Anderson County Chief Deputy Medical Examiner as combined alcohol and morphine intoxication, Mr. Sullivan died

because Anderson County Advanced, Billy Joe Brockman, Jeremiah Woods and other unknown employees and/or agents of Anderson County and Advanced were deliberately indifferent to his obvious and serious medical needs. Had Defendants refused to book Mr. Sullivan due to his obviously severe medical condition and had him transported to a medical facility instead, Mr. Sullivan would have survived. Further, had Defendants properly monitored, treated and/or transported Mr. Sullivan to a medical facility in a timely manner as his condition obviously deteriorated, Mr. Sullivan would have survived. After investigations of this incident by District Attorney General's Office, Defendant Brockman was indicted by the Anderson County Grand Jury for filing a False Report with respect to his role in the death of Mr. Sullivan. The Indictment noted that Defendant Brockman had unlawfully reported that he had measured and recorded the vital signs of Mr. Sullivan while knowing that he had, in fact, not measured or recorded this information.

39. Anderson County and Advanced are sued for allowing a custom or practice of deliberate indifference to the serious medical needs of intoxicated persons to exist at the Anderson County Jail. Numerous employees or Anderson County and/or Advanced, including supervisory persons, were present during the booking and incarceration of Mr. Sullivan but improperly booked Mr. Sullivan and failed to properly monitor his deteriorating condition from 12:48 pm to 3:32 pm when Mr. Sullivan was found unresponsive and allowed him to remain in a cell unconscious for an extended period. Upon information and belief, no employees of Anderson County were disciplined for their role in the events and, therefore, their conduct was found to be in compliance with the policies, practices and custom of Anderson County and ratified in all respects.

40. Plaintiff's claims under 42 U.S.C. § 1983 and state law arise out of Defendants' improper booking and failing to provide proper monitoring, treatment and transportation of Mr. Sullivan who was suffering from the serious and obvious effects of alcohol and/or drug intoxication which led Mr. Sullivan's death and deprived Mr. Sullivan of his clearly established rights guaranteed

to him under the Constitutional and laws of the United States and State of Tennessee. Defendants violated the rights of Mr. Sullivan under the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and the Constitution and laws of Tennessee when they knowingly and with deliberate indifference to his constitutional rights booked him into jail while he was suffering from the serious and obvious effect of alcohol and drugs and failed to provide proper monitoring, treatment and transportation of Mr. Sullivan for his serious and deteriorating medical conditions causing extensive physical and emotional pain and suffering and, ultimately his death. All Defendants acted under color of state law and proximately caused the deprivation of Mr. Sullivan's federally protected and state law rights.

41.     Defendants, with knowledge of Mr. Sullivan's serious and obvious medical needs and with deliberate indifference to such medical needs, have acted or failed to act in such a way as to deprive Mr. Sullivan of protection and necessary and adequate medical care, thereby causing his death. Such acts and omissions of Defendants violated the rights secured to the Plaintiff by the Fourth, Eighth and/or Fourteenth Amendment to the United States Constitution.

42.     Defendants, knowing of Mr. Sullivan's serious medical needs and knowing also of the inadequacies and deficiencies of its own medical facilities, staffing and procedures at the Anderson County Jail, had a constitutional duty to establish and implement policies, practices and procedures designed to assure that Mr. Sullivan was properly booked and received necessary monitoring and medical care.

43.     Defendants, knowing of the serious medical needs of Mr. Sullivan, and with deliberate indifference to the inadequacies and deficiencies at the Anderson County Jail, either failing to have appropriate training and policies or, alternatively, failing to enforce proper training and policies, which would have been designed to assure that Mr. Sullivan was appropriately assessed before booking and monitored and treated after being incarcerated.

14

44.     Defendants, knowing of the serious medical needs of Mr. Sullivan, had a constitutional duty to instruct, supervise and train their employees and agents to assure the Mr. Sullivan was appropriately assessed before booking and properly followed and monitored to ensure the safety of Mr. Sullivan.

45.     Defendants permitted, encouraged, tolerated and/or knowingly acquiesced to an official pattern, policy or practice of Defendants' employees, agents and contractors (including Brockman and Woods) violating the constitutional rights of inmates, including Mr. Sullivan.  The actions of the Individual Defendants and other agents, employees and contractors of Anderson County and Advanced complained of herein were unjustified, unreasonable and unconstitutional, and constituted a violation of Mr. Sullivan's clearly established rights, privileges and immunities guaranteed to her by the Fourth, Eighth and/or Fourteenth Amendment to the United States Constitution which include but are not limited to the following:

   a.    Freedom from cruel and unusual punishment;
   b.    Freedom from deprivation of life and liberty without due process of law;
   c.    Freedom from confinement without the provision for adequate medical care and treatment;
   d.    Freedom from arbitrary government action which is so outrageous as to shock the conscience of a civilized society;
   e.    Freedom from intentional discrimination on the basis of physical and mental impairment; and
   f.    Unconstitutional termination and infringement of Plaintiff's right to familial association with his minor children.

46.     Defendants Anderson County and Advanced are directly liable for the violation of Mr. Sullivan's civil rights due to the following policies, practices or customs of Defendants which were in effect at the time of this incident and which were the underlying cause of Mr. Sullivan's injuries, damages and death:

   a.    Defendants Anderson County and Advanced failed to adequately and properly train and educate their employees, agents and contractors with respect to the proper evaluation of inmates suffering under disabilities or conditions which require medical stabilization before incarceration, monitoring persons with obvious medical needs, transporting persons with obvious medical needs, and handling persons with

15

disabilities, with deliberate indifference and reckless disregard to the welfare of inmates, including Mr. Sullivan;

b.  Defendants Anderson County and Advanced failed to adequately monitor and evaluate the performance of their agents, employees and contractors with respect to the proper evaluation of inmates suffering under disabilities or conditions which require medical stabilization before incarceration, monitoring persons with obvious medical needs, transporting persons with obvious medical needs, and handling persons with disabilities, with deliberate indifference and reckless disregard to the welfare of inmates, including Mr. Sullivan;

c.  Defendants Anderson County and Advanced failed to properly fund and staff the Anderson County Jail, to ensure an appropriate amount of licensed, trained and qualified medical professionals are present to provide proper medical treatment to high-risk patients, with deliberate indifference and reckless disregard to the welfare of inmates, including Mr. Sullivan;

47.  In support of the allegations above, Plaintiff submit the following with respect to Anderson County.  After these events, Anderson County allegedly performed an Internal Affairs investigation.  During this investigation, Anderson County reviewed the video tapes and determined that Defendant Brockman falsified his medical chart with respect to Mr. Sullivan and noted that Defendant Brockman lied during his interviews with Internal Affairs.  In addition, Anderson County reviewed the actions of its own employees from booking through the death of Mr. Anderson.  In reviewing its own employees' actions, Anderson County found that its employees failed to actually physically observed Mr. Sullivan every 15 minutes as required by the observation order and generally accepted correctional standards.  In its investigation, Anderson County found that there was a potential issues with respect to policy and training with respect to observation on inmates under an observation order.  Despite the failure of Defendant Wood and other Anderson County personnel to physically observe Mr. Sullivan, Anderson County failed to discipline any Anderson County employee and therefore, ratified their conduct and unacceptable method of observation as in compliance with the policies, practices and customs of Anderson County.  Plaintiff avers that these policies, practices and customs were the moving and underlying cause of the death of Mr. Sullivan

48.     In support of the allegations above, Plaintiff submit the following with respect to Advanced.  Brockman was a licensed practical nurse and was, at the time, an employee of Advanced.  By contract with Anderson County, Advanced provides medical services for the Jail.  Advanced placed Brockman at the Jail.  Prior to the incident which is the subject matter of this Complaint, Advanced had knowledge that Defendant Brockman was failing to perform his duties as a LPN which exposed all inmates at the Anderson County jail to the risk of being deprived their constitutional right to proper medical care.  In particular, during a peer review in September of 2012, Advanced reviewed 10 of Defendant Brockman's notes and noted serious problems and serious issues.  After review of only 10 notes, the peer reviewer noted the following serious problems and issues with respect to Defendant Brockman conduct:

- Incomplete Assessments or no assessment.
- Charged for service not given.
- Sick call requests being charged but not an official SC form was used.
- A review of your documentation revealed areas of concern R/T your incomplete notes.
- History (14 day) and physicals were missing vitals, allergies and your signature to name a few specifics.
- Peer reviewer sat down with Brockman and reviewed the Nursing Training Manual.
- After identifying these serious issues and problems, the Peer Reviewer noted that Brockman had been asked to audit 10 charts per weeks using a worksheet and fax it to her office for review.  "I believe his will help him understand the importance of documentation to reduce our legal liability or inability to prove care was received by an inmate."

49.     Despite these serious issues and problems with Defendant Brockman, Advanced did not otherwise discipline or terminate Defendant Brockman which illustrates its deliberate indifference to Defendant Brockman's conduct.  This previous and known serious misconduct by Defendant Brockman made his actions in this case (failing to assess and document Mr. Sullivan's altered mental state and alcohol/drug intoxication) foreseeable and highly predictable.

50.     Alternatively, Defendant Anderson County is liable for the actions of its employees, agents and contractors by virtue of the fact that it investigated this incident and found that all

17

employees, agents and contractors acted in compliance with the policies, practices and customs of the Defendants and, therefore, ratified, condoned and approved the conduct of the Individual Defendants and other employees, agents and contractors in this matter in all respects.

51.     Alternatively, Defendant Anderson County and Advanced are liable for the actions of their employees, agents and contractors under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract and as a result of their non-delegable duty to comply with the constitution and laws of the United States and the State of Tennessee.

52.     Defendants have maintained and exhibited a pattern, practice, custom and policy of deliberate indifference to the serious medical needs of Mr. Sullivan which was the motivating force behind the deprivation of Mr. Sullivan's constitutional rights under the Fourth, Eighth and Fourteenth Amendment and, accordingly, Plaintiff is entitled to recover from these Defendants, both jointly and severally.

**COUNT II**
**TITLE II OF THE ADA AND SECTION 504 OF THE REHABILITATION ACT**

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

53.     Anderson County receives federal funds.  Mr. Sullivan has a physical disability that substantially limited one or more of his major life activities, to wit: depression, anxiety, emotional problems, emotional instability, and alcohol and drug addiction.

54.     The Defendants unlawfully discriminated against Mr. Sullivan due to his disability by booking him into the Anderson County Jail when it was clear that he was suffering from serious medical issues due to alcohol/drug intoxication and then failed to properly monitor his condition. Specifically, Anderson County failed to have in place proper policies or protocols to require employees to reject persons suffering from serious disabilities into the jail to receive appropriate

18

medical treatment and medical stabilization prior to incarceration. Further, Anderson County failed to ensure its employees and contractors properly evaluated persons suffering from serious medical conditions to ensure that their medical condition was not deteriorating.

55. Although the ADA and Section 504 require Anderson County to self-evaluate its policies to eliminate discrimination on the basis of disability, by failing to have in place proper policies or protocols to require employees to reject persons suffering from serious disabilities into the jail to render appropriate medical treatment and medical stabilization prior to incarceration. Further, Anderson County failed to ensure that its employees and contractors properly evaluated persons suffering from serious medical conditions to ensure that their medical condition was not deteriorating. As a result of this failure, persons with qualified disabilities are being treated unfairly and discriminatorily.

56. Consequently, as a direct and proximate cause of these acts and omissions, Defendant Anderson County has discriminated against Mr. Sullivan on the basis of his disability and has damaged him as alleged herein.

## <u>COUNT III</u>
## <u>VIOLATION OF TENNESSEE CODE ANNOTATED §§ 41-21-201 AND 204</u>

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

57. <u>Tennessee Code Annotated</u> §41-21-201 states that "the warden is charged with the duty of <u>treating the prisoners with humanity and kindness, and protecting them from harsh and cruel treatment and overwork</u>." (emphasis added). Clearly, Mr. Sullivan was not treated with humanity and kindness, or even a degree of human decency, amounting to harsh and cruel treatment in direct violation of this statute. Plaintiff submits that Mr. Sullivan was in the class of persons that this statute was designed to protect.

58.    Defendants' employees committed unlawful acts and violations as set forth in the body of this Complaint, all of which directly and proximately contributed to the injuries and death of Mr. Sullivan.

59.    Tennessee Code Annotated §41-21-204 states in part that "Any inmate who is ill shall receive proper medical treatment." (emphasis added). Defendants denied Mr. Sullivan proper medical treatment in direct violation of this statute. Plaintiff submits that Mr. Sullivan was in the class of persons that this statute was designed to protect.

60.    Tennessee Code Annotated §41-21-201 and 204 creates a duty, the breach of which by Defendants constitutes negligence per se. The negligence, reckless and wanton acts of Defendants, in direct violation of these statutes, proximately caused the injuries and death of Mr. Sullivan and Plaintiff is entitled to recover.

61.    The actions and omissions of the Individual Defendants and other agents, employees and contractors of the Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute negligence, recklessness, malice and intentional misconduct, supporting an award of punitive damages.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

62.    "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." Restatement (Second) of Torts, §46(1). "Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." *Moorhead v. J.C.Penney Co. Inc.*, 555 S.W.2d. 713, 717 (Tenn. 1977).

63. "[In Tennessee] there are three essential elements to [such a] cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in mental injury." *Id.* and *Johnson v. Woman's Hospital*, 527 S.W.2d. 133, 144 (Tenn. App. 1975). Plaintiff submits that Defendants' conduct as alleged herein is so egregious as to constitute intentional infliction of emotional distress.

64. Plaintiff suffered severe emotional trauma as a result of Defendants' reckless, intentional and outrageous conduct which was the proximate cause of the Mr. Sullivan's suffering and death, and is entitled to recover from the defendants.

65. Further, "the tort of outrageous conduct is one in which punitive damages may be allowed." *Johnson* at 142. Plaintiff is entitled to punitive damages for Defendants' reckless, intentional and outrageous conduct.

<u>**COUNT IV**</u>
<u>**ORDINARY NEGLIGENCE**</u>

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

66. While the Plaintiff has alleged that the acts and omissions set forth herein violated Mr. Sullivan's constitutional rights, Plaintiff alternatively pleads that the conduct alleged herein constitutes at least ordinary negligence under the laws of the State of Tennessee. This claim for ordinary negligence does not involve a decision, act or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences. The acts or omissions complained of herein involve mere custodial neglect and not medical malpractice.

21

67. Defendants owed a duty to prisoners in their custody to provide custodial care, treatment, and services within accepted custodial standards of jails, prisons and other correctional facilities, including Anderson County Jail. Defendants Anderson County and Advanced owed a duty to the detainees in their custody to hire, train, supervise and provide a sufficient number of employees to deliver custodial care and services to prisoners in a safe and adequate manner at the Anderson County Jail.

68. Defendants breached the duties owed to detainees in their custody and were negligent in their non-medical, ordinary care and treatment of Mr. Sullivan by and through their acts or omissions, and the acts and omission of its employees and agents, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis, including but not limited to the following:

(a) Failure to provide sufficient numbers of certified nursing assistants or other persons to meet the custodial needs of Mr. Sullivan;

(b) Failure to administrate the facility in such a manner so as to provide the facility with adequate resources to ensure sufficient non-medical (CNA) staffing and supplies to care for all prisoners;

(c) Failure to provide a sufficient number of non-licensed staff to prevent Mr. Sullivan's needs from being ignored and to ensure that Mr. Sullivan's health care plans and/or medical orders could be complied with by such non-licensed staff;

(d) Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Mr. Sullivan received adequate and proper care;

(e) Failure to provide adequate training and supervision of non-medical staffing to comply with their duties and the health care plans and/or medical orders of prisoners;

(g) Failure by the members of the governing body of Anderson County and/or Advanced to comply with and/or discharge their legal and lawful obligation by:

(1) ensuring that the rules and regulations designed to protect the health and safety of prisoners as promulgated by the Tennessee Legislature were consistently complied with on an ongoing basis;

(2) ensuring that the prisoner medical care policies for the facility were consistently in compliance on an ongoing basis; and

(3) responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate prisoner care (non-medical).

(h) Failure to provide basic and necessary non-medical care and supervision during Mr. Sullivan's incarceration; and

(i) Failure to protect Mr. Sullivan from abuse and neglect during his incarceration.

69. The injuries and damages described in this Complaint were a direct and proximate result of the acts or omissions set forth above, singularly or in combination.

70. Plaintiff's injuries also were the result of the administrative decisions of Defendants Anderson County and Advanced, including a failure to adequately train, supervise and staff the Anderson County Jail, which affected all prisoners housed at Anderson County Jail.

71. As a direct and proximate result of the aforementioned negligence, Mr. Sullivan suffered mental anguish, pain and suffering, physical injuries and death.

## COUNT V
## PUNITIVE DAMAGES

Plaintiff hereby incorporates, in their entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

72. The actions and omissions of the Individual Defendants and Advanced and its employees, agents and contractors complained of herein, were unlawful, shocking to the conscience and unconstitutional, and performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly and in such a manner as to entitle Plaintiff to a substantial award of punitive damages.

## DAMAGES

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

23

73.     As a direct and proximate result of the acts and omissions of Defendants, Mr. Sullivan's constitutional rights were violated and Mr. Sullivan died. The injuries and damages for which Plaintiff seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

   a.   Physical Pain and Suffering;
   b.   Emotional Pain and Suffering;
   c.   Funeral Expenses;
   d.   Loss of Enjoyment of Life;
   e.   Loss of Wages;
   f.   Loss of Earning Capacity;
   g.   Loss of consortium and services of Mr. Sullivan to all of his heirs;
   h.   Loss of the right to familial association with Mr. Sullivan to all of his heirs;
   i.   Hedonic Damages;
   j.   The full pecuniary value of the life of Mr. Sullivan as defined by Tennessee law;
   k.   Punitive damages against the applicable Defendants;
   l.   Pre- and Post-Judgment Interest;
   m.   Statutory and Discretionary Costs;
   n.   Attorney's fees;
   o.   A declaratory judgment that the acts and conduct herein was unconstitutional;
   p.   Injunctive relief precluding the Defendants from engaging in the conduct complained of herein in the future and requiring the Defendants to provide proper policy, training and supervision of its employees and holding them accountable for their misconduct;
   q.   All such further relief, both general and specific, to which he may be entitled under the premises.

## PRAYERS FOR RELIEF

Plaintiff hereby incorporates, in its entirety, each and every paragraph contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

74.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court enter a judgment against Defendants, jointly and severally, for compensatory damages for the injuries, damages and death of Mr. Sullivan sustained by him in an amount to be determined by a jury as reasonable and for all such further relief, both general and specific, to which the plaintiff may be entitled under the premises, including all reasonable costs, interest and attorney fees.

24

75.     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court enter a judgment against Defendants (excluding Anderson County) for punitive damages in an amount to be determined by the jury as fair and reasonable to punish Defendants and to deter others from engaging in similar misconduct and for all such further relief, both general and specific, to which she may be entitled under the premises, including all reasonable costs, interest and attorney fees.

76.     THE PLAINTIFF RESPECTFULLY DEMANDS A JURY TO TRY THE ISSUES ONCE JOINED.

Respectfully submitted,

CAVETT & ABBOTT, PLLC

/s/ *John C. Cavett, Jr.*
John C. Cavett, Jr., TN BPR # 09388
801 Broad Street, Suite 428
Chattanooga, TN 37402
(423) 265-8804 (office)
(423) 267-5915 (fax)
jcavett@cavettandabbott.com
LAW OFFICE OF ANDREW C. CLARKE

/s/ *Andrew C. Clarke*
Andrew C. Clarke, TN BPR # 15409
6250 Poplar Avenue, Second Floor
Memphis, Tennessee 38119
(901) 590-0761 (office)
(901) 590-0779 (fax)
aclarke@accfirm.com

25

**CERTIFICATE OF SERVICE**

I, Andrew C. Clarke, do hereby certify that a true and correct copy of the foregoing was served upon the following counsel via the Court's ECF filing system this the 20th day of January, 2016.

Arthur Knight - aknight@taylorknightlaw.com
800 Gay Street, Suite 600
Knoxville, Tennessee 37929

Robert Burns – rburns@howell-fisher.com
Court Square Building
300 James Robertson Parkway
Nashville, Tennessee 37201

Daniel Swanson – dswanson@latlaw.com
607 Market Street, Suite 900
Knoxville, Tennessee 37902

By:      */s/ Andrew C. Clarke*
ANDREW C. CLARKE (TNBPR No. 15409)

26